# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| NAJALAEK M. WALKER, ) | Criminal No. 6:21-cr-00019 |
|    aka ) | |
| NAJALECK M. WALKER ) | |
|    aka ) | |
| NAJAHLEEK M. WALKER ) | |
|    aka ) | |
| JAQUAN H. WALKER ) | |
|    aka ) | |
| NAJALEEK M. WALKER ) | |
|    aka ) | |
| NAJALEEK WALKER ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by counsel, having considered the sentencing factors set forth in 18 U.S.C. § 3553(a), and recommends that Najalaek M. Walker be sentenced to a total term of incarceration of 51 months, the high end of the advisory guideline range. In support of its recommendation, the government states as follows:

## PROCEDURAL HISTORY

On October 6, 2022, Walker pled guilty to Counts 1, 2 and 4 of the Indictment. Count 1 charges him with possessing with the intent to distribute a measurable quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). Count 2 charges him with possessing with the intent to distribute a measurable quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count 4 charges him with having previously being convicted of a crime punishable by imprisonment for a

term exceeding one year, did knowingly possess a firearm which had previously been shipped and transported in interstate and foreign commerce, in violation of 18 U.S.C. § 922(g)(1). Sentencing is scheduled for February 9, 2023.

## LEGAL STANDARD

In sentencing a defendant, district courts must follow a four-step process: (1) properly calculate the advisory sentencing guideline range; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in 18 U.S.C. § 3553(a) and, if it does not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate on the record the reasons for selecting a particular sentence and, if applicable, explain why a sentence outside of the advisory sentencing guideline range better serves the relevant sentencing purposes set forth in § 3553(a). *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006); *see also United States v. Booker*, 543 U.S. 220, 260-65 (2005); 18 U.S.C. § 3553(a).

## APPLICABLE GUIDELINE RANGE

The presentence report (PSR) properly calculates the guidelines in this case. PSR, ECF No. 70, at ¶¶ 21-45. The base offense level is 14. PSR ¶ 23. Walker possessed a firearm and ammunition in connection with another felony offense resulting in a four-level enhancement. PSR ¶ 24. The total offense level is 15, following adjustments for acceptance of responsibility. PSR ¶¶ 30-32.

Walker committed the instant offense while under a criminal justice sentence for attempted criminal possess weapon-2 loaded firearm-other than person's home/business, and attempted criminal possess weapon-2 loaded firearm-other than person's home/business and criminal possession weapon-3rd: defaced for concealment. PSR ¶¶ 44. Calculation of his criminal history points yields a total score of 17 and places Walker in a criminal history category of VI. PSR ¶ 45. The resulting guideline range for Counts 1, 2 and 4 is 41 to 51 months. PSR ¶ 68. The government does not object to the PSR's calculation of the applicable guideline range.

## STATUTORY LIMITATIONS

The statutory maximum sentence for Counts 1 and 2 is a term of imprisonment of 20 years, a $1,000,000 fine, and a period of supervised release of at least three years. PSR ¶¶ 67, and 77. The statutory maximum sentence for Count 4 is a term of imprisonment of 10 years, a $250,000 fine, and a period of supervised release of not more than three years. *Id.* There is a mandatory special assessment of $100 for each of the three felony counts, pursuant to 18 U.S.C. § 3013. PSR ¶ 78.

## APPLICATION OF § 3553(a) FACTORS

In consideration of the factors set forth in 18 U.S.C. § 3553(a), the government asks the court sentence Walker to a period of incarceration of 51 months.

*Nature and circumstances of the offense.* The charges in the indictment stem from an incident on November 27, 2021, when members of the Lynchburg Police Department were notified, that Walker was on a Greyhound Bus and expected to stop in Lynchburg, VA. Walker was wanted by the state of New York for a parole violation at the time, and an extraditable warrant had been issued. Walker exited a Greyhound bus at the Lynchburg, Virginia bus stop and officers took control of him. During this time, Walker dropped a food container he was holding which contained a Jimenez Arms Inc. 9mm pistol with 12 rounds of ammunition.

During a search incident to arrest, a clear plastic bag was uncovered on Walker which contained a number of individually packaged bags containing heroin (Schedule I controlled substance) and cocaine (a Schedule II controlled substance). In addition, eight rounds of 9mm ammunition were found in a clear plastic bag. Analysis of each substance conducted by the U.S. Department of Justice Drug Enforcement Administration Laboratory confirmed 0.67 grams containing heroin and 1.13 grams containing cocaine base.

Walker had previously been convicted in New York County Supreme Court of attempted criminal possession of a weapon, , a felony, and sentenced to 48 months in prison. Walker was also

3

convicted in Albany County Court for attempted criminal possession of a weapon, second degree: loaded firearm and sentenced to 42 months. Walker knew of these felony convictions prior to the instant offense.

In addition to obtaining a firearm, 12 rounds of ammunition were found. PSR § 16. The total drug weight from the instant offense was 4.70523 kilograms of converted drug weight. *Id.* The guidelines adequately account for the nature and circumstances of the charged conduct in this case.

1. *History and characteristics of the defendant.*

Over the years, Walker has accumulated a total of 15 criminal history points, and an additional 2 for committing the instant offense while under a criminal justice sentence and received an additional 2-point enhancement. PSR §§ 53-54. Walker's resulting criminal history category is VI. PSR § 45.

Walker's criminal history includes the following: criminal possession controlled substance – 4th degree (07/06/2022), criminal possession controlled substance – 5th degree: cocaine 500 milligrams (07/06/2011), criminal possession stolen property -4th: property value exceeds $1,000 (01/09/2015), resisting arrest (01/12/2015), criminal possession controlled substance – 7th degree (12/02/2015), criminal possession stolen property-4th: motor vehicle not motorcycle (12/18/2015), aggravated unlicensed operation – 2nd degree (10/10/2017), attempted criminal possess weapon-2: loaded firearm-other than person's home/business (10/06/2016), falsify business records-2nd degree-misdemeanor (03/27/2017), falsify business records-2nd degree (03/27/2017), attempted criminal possess weapon-2 loaded firearm-other than person's home/business (10/13/2017), criminal possession weapon-3rd: and defaced for concealment (10/13/2017).

Walker's first encountered law enforcement at the age of 15 and has cycled through the criminal justice system ever since. PSR ¶¶ 34-42. Over the years, he has accumulated a total of 17 criminal history points, placing him in a category VI. PSR § 45. Walker has several convictions for

4

possessing controlled substances, PSR ¶¶ 34, and 37. More disturbing are the numerous weapon related convictions, PSR ¶¶ 40, and 42. Walker's 10/06/2016 conviction for attempted criminal possess weapon-2: loaded firearm charge involved him possessing a loaded .357 revolver containing six rounds of ammunition inside the leg of his pants. Walker also had an additional 18 bullets inside his pants pocket. PSR § 40. Walker was convicted on 10/13/2017 for attempted criminal possess weapon-2 loaded firearm and criminal possession weaon-3rd: defaced for concealment charges which involved him possessing a loaded firearm again. PSR § 42.

Walker was convicted on 12/18/2015 for criminal possession stolen property-4th; motor vehicle and the witness who saw him flee from the stolen vehicle stated Walker was in possession of a weapon which she believed to be a handgun. PSR § 38. The government is also concerned Walker committed the instant offense while on supervision for numerous convictions, PSR ¶ 44. Walker is identified as a member of the Young Gunnerz gang based in Troy, New York. PSR § 55.

Prior periods of incarceration—which, relative to the extent of his criminal history, have been minimal—and probation have failed to get his attention and curb his criminal activity. Walker's history and characteristics strongly militate in favor of a guideline sentence at the high end of the guideline range in this case.

*The remaining factors under § 3553(a).* Walker has been engaged in criminal activity his entire adult life. Walker's extensive criminal convictions earned him a criminal history category of VI. Walker's past sentences have not worked to deter his criminal conduct. A sentence at the high end of the guideline range is necessary in this case to promote respect for the law, provide just punishment, and deter Walker from continuing down this path of criminal activity. A sentence at the high end of the guideline range would serve to protect the public from future crimes of this defendant. Plainly, Walker has no reservations about fleeing New York and coming to Virginia with methamphetamine, cocaine, a firearm, and ammunition while on active state supervision for weapon

5

related conduct. The government submits that a sentence of 51 months is sufficient but not greater than necessary and would serve the factors under § 3553(a).

    2. *Restitution.* There is no restitution at issue in this case.

    3. *Sentencing witnesses.* The United States does not intend to present any witnesses at sentencing.

    4. *Supervised release.* For the reasons articulated above, the government respectfully recommends the court impose a period of supervised release of 3 years on Count 1, Count 2 and Count 4, to run consecutively.

## CONCLUSION

For these reasons, the United States recommends that the court impose a sentence of 51 months, followed by a period of supervised release of 3 years on Counts 1, 2 and 4, which is sufficient but not greater than necessary to satisfy the factors under 18 U.S.C. § 3553(a).

    Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

s/Charlene R. Day
Assistant United States Attorney
VA Bar No. 71115
310 1st Street SW, Suite 906
Roanoke, VA 24011
(540) 857-2250
Charlene.Day@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2023, I caused to be filed electronically this Sentencing Memorandum with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/Charlene R. Day
Assistant United States Attorney
